## WASHINGTON WATER POWER CO. v. SHOSHONE COUNTY et al.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1921.)

No. 3547.

1. Taxation ⊗⇒40(8)—Mines assessed under statutory method held assessed at full value.

Mines assessed under Comp. St. Idaho 1919, § 3360, based on the annual net proceeds of producing mines with additions for surface grounds and improvements, as a result of which the assessed value of mining properties was approximately one-half the total assessed value in the county, must be deemed to have been assessed on full value as far as could be determined, where the validity of the statute prescribing the method was not drawn into question.

2. Taxation ⊗⇒40(1)—Partial exemption of property must be borne ratably by other property.

Where property is exempted from taxation in whole or in part, the increased burden thereby cast on property not exempt must be borne ratably and without discrimination.

3. Taxation ⊗⇒319(2)—Without definite proof of value of other property, 75 per cent. assessment of utility cannot be held invalid.

Where much of the personal property in the county, including mining improvements and bank stocks, was assessed at full value, though some of it was assessed for less, and the lands were valued at from 50 per cent. of the value up, and no satisfactory proof was offered of the real value of mining property assessed by a special statutory method, the court cannot fix the value of the mines, nor say they were partially exempted, nor that an assessment of property of utility by the state board of equalization at 75 per cent. of the full value was excessive.

Appeal from the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit by the Washington Water Power Company against Shoshone County and others. From a decree dismissing the complaint, complainant appeals. Affirmed.

John P. Gray and W. F. McNaughton, both of Cœur d'Alene, Idaho, and F. T. Post, of Spokane, Wash., for appellant.

H. J. Hull and James A. Wayne, both of Wallace, Idaho, for appellees.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. In many respects this case is a companion to Washington Water Power Co. v. Kootenai County et al., 270 Fed. 369. In Shoshone county, Idaho, the following conditions appeared:

The Power Company tax was assessed at $7,667.08; the total assessed valuation of property in Shoshone county was $31,828,640, $12,916,645 of which sum was assessed on account of net profits of mines. An assessment of $154,645 was made on account of mineral land acreage, valued as required by the statutes, $3,876,170 upon mine improvements, assessed at their actual cash value, and $374,103 assessed upon bank stock, as required by the laws of the state. The board of equalization assessed public utilities at a total value of $6,-336,243, while $8,150,834 was the aggregate of assessments by the

local assessor. The court held that of this last referred to amount, personal property, much appeared to have been assessed for approximately 50 per cent. of its actual value, and some of it upon a higher rate, approaching 70 to 75 per cent. of value, and that the assessment at 75 per cent. of actual value upon the property of the Power Company was not unjust. This conclusion was reached by reasoning that the larger part of the assessment was in accord with or in excess of the statutory standard, while the assessment of the property of the plaintiff was 25 per cent. below such standard and upon the same footing with the assessments of other public utilities. The complaint was dismissed.

The Power Company now contends that it was error to hold that the mines of Shoshone county were assessed on a 100 per cent. basis for 1918, and argues that the court should not have held that, because mines were assessed according to the statutes and such assessments amounted to about half of the total assessment in Shoshone county, appellant was entitled to no relief, and, further, that the court should not have ruled that, if mine improvements, bank stock, and property of public utilities were assessed at a higher rate than property was generally assessed, appellant should be compelled to pay taxes at a higher rate than the owners of general property in the county were required to pay.

[1] There is no complaint of the method employed in the assessment of the mines, for the statute was followed. Section 3360, Comp. St. Idaho 1919. Under its provisions the assessment is not based upon the value of productive mines, but upon an ascertainment from the annual net proceeds of the net ore produced, plus $5 per acre for surface ground when patented, and improvements when valuable for other purposes. Appellant urges, however, that the actual value of mines is much greater than the amount of the net proceeds, and that as a matter of fact the method constitutes a partial exemption of mining properties from taxation, and that, as a consequence, in this case there is an increased burden cast upon the property not favored, and that appellant is entitled to relief.

The producing mines of Shoshone county were assessed for taxes upon net profits of $12,916,645; mining improvements were assessed at $3,876,170, mineral lands (surface) at $154,645; bank stock at $374,103, and other property assessed by the local assessors was valued at $8,150,834. It is plain, therefore, that upon a total valuation of $31,828,640 the assessment of the mining properties is approximately one-half of the total assessment. We are clearly of the opinion that the court was correct in holding that the assessment of the mines was, as far as could be determined, an assessment upon full value, and that, although the assessment of mines might be under an inequitable method, nevertheless the validity of the statute prescribing the method was not drawn into question.

[2] Appellant urges that, without considering the question of the validity of the statute with respect to the assessment of mines, if the general property of the county was assessed at 50 per cent. of its value, the correct rule is that where property is exempt from taxation in

whole or in part, as are mines, the increased burden thereby cast upon property not so favored shall be borne ratably and without discrimination, and that where the general property of the county, as well as of the state, has been intentionally assessed on a 50 per cent. basis the law demands that the property of the appellant be assessed on the same basis.

[3] There is no doubt of the general force of such a position. But, when it comes to applying the controlling rules of uniformity and equality, the proper authorities often meet with difficulties which call for the exercise of painstaking judgment and discretion. In the present case we have an illustration of such complexities. In Shoshone county much personal property appears to have been assessed on a basis of full value; it is certain that at least mining improvements, mills and machinery, were so valued, while stocks of merchandise were assessed at invoice prices or less, and lands were valued at figures varying from 50 to higher percentages of value. Of the total valuation of $31,828,640, property valued at $23,677,806 appears to have been assessed on a basis of approximately 75 per cent. valuation. Of the remainder, $8,150,834 in value, it may be there was some undervaluation by the county assessor; but without satisfactory proof the court cannot say what, if any, real error prevailed, and cannot safely undertake the task of fixing the real market values of mines in an endeavor to determine relationships of the assessments made.

We gather that the undervaluation of classes of property which prevailed as referred to in Washington Water Power Co. v. Kootenai County et al. (C. C. A.) 270 Fed. 369, was by no means extensive in Shoshone county, and that as a result appellant has not made a case for relief as against the assessment of its property in the county.

The decree is affirmed.